948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald J. LINDEMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1437.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, JR., Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER.
 
 2
 Donald J. Lindeman appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 3
 Lindeman alleged that he became disabled on February 28, 1981, due to lower back pain, arthritis and numbness in his legs. A hearing was held before an Administrative Law Judge (ALJ), who determined that Lindeman was not disabled because he could still perform a significant number of sedentary jobs. The ALJ's opinion became the final decision of the Secretary on June 12, 1990, when the appeals council declined further review. On March 4, 1991, the district court adopted a magistrate's report and entered a judgment in favor of the Secretary. It is from this judgment that Lindeman now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 The scope of appellate review in the present case is further limited by Lindeman's failure to file any meaningful objection to the magistrate's report and recommendation. A party waives his right to appeal if he does not file timely objections to a magistrate's report. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Moreover, even if timely objections are filed, appellate review is waived with regard to any issue that is not raised in the objections. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); Crum v. Sullivan, 921 F.2d 642, 645 (6th Cir.1990). The objection that Lindeman filed is set out in full below:
 
 
 7
 NOW COMES the Plaintiff by and through his attorney, Ronald M. Bahrie, who hereby states they object to the Magistrate's Report and Recommendation and request that the United States District Court Judge make a recommendation in regard to this claim.
 
 
 8
 This pleading is not adequate to preserve Lindeman's right to appellate review because it does not identify any specific issue for de novo review by the district court.
 
 
 9
 In addition, the record indicates that the Secretary's determination was not unjust. The ALJ found that Lindeman had "severe low back pain" and indicated that he could not perform his past work. These findings are not in dispute. However, the ALJ also found that Lindeman retained the residual capacity to perform sedentary work if it had a sit/stand option. Thus, the Secretary was able to determine that Lindeman was not disabled by relying on the testimony of a vocational expert, within the framework of the medical-vocational guidelines that are found at 20 C.F.R. Part 404, Subpart P, App. 2.
 
 
 10
 Lindeman argues that the Secretary failed to credit his allegations of disabling pain. Credibility determinations regarding a claimant's subjective complaints of pain normally rest with the ALJ. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 (6th Cir.1986) (per curiam). Moreover, although Lindeman was treated for a herniated disc in 1983, the medical evidence supports a finding that he did not suffer from disabling residual pain. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853-54 (6th Cir.1986).
 
 
 11
 Lindeman also argues that the hypothetical question posed to the vocational expert was defective because it did not describe his alleged illiteracy. However, this argument was not presented to the district court and it will not be considered by this court for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation