57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wanda Gail LOGSDEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-6183.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 Before: KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Wanda Gail Logsden appeals from a judgment affirming the decision of the Secretary to deny Logsden's claim for supplemental security income benefits under the Social Security Act. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1989, Wanda Gail Logsden filed an application for Supplemental Security Income (SSI) benefits based on a combination of mental and physical ailments. This application was denied by an administrative law judge after he conducted an evidentiary hearing. This decision became the final decision of the Secretary when the Appeals Council denied Logsden's intra-agency appeal.
 
 
 3
 Logsden sought review of this adverse decision in federal court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who conducted a hearing and recommended that judgment should be entered for the Secretary. The district court ultimately adopted the recommendation, over Logsden's objections, and this appeal followed.
 
 
 4
 Logsden's initial application for SSI benefits was based on a combination of disabling back pain and mental conditions. The same issues were eventually put before the magistrate judge on review of the Secretary's decision. The magistrate judge made extensive findings of fact and conclusions of law in rejecting Logsden's petition for review. The specifics of this decision are of less import to this appeal than the contents of the objections. Logsden's counsel filed timely objections specifically contesting the magistrate judge's reliance on opinions of non-treating physicians, his conclusion that Logsden had refused medical advice and treatment, and the magistrate judge's finding that Logsden could perform prior work because she had insufficient prior work experience from which to draw any conclusion. There is no mention of or specific reference to mental disability listings or evidence supporting the findings in this regard.
 
 
 5
 The district court's order adopting the report and recommendation reflects the court's de novo review of "those portions of the Magistrate Judge's report to which objections have been made." The court comments specifically on the sufficiency of Logsden's relevant work history and her residual functional capacity. No other reference is made to the substance of Logsden's case or her objections.
 
 
 6
 Counsel for Logsden sets forth one assignment of error on appeal before this court. THE APPELLANT IS ELIGIBLE FOR SSI BENEFITS IN THAT HER SEVERE MENTAL ILLNESS MEETS THE LEVEL OF SEVERITY REQUIRED FOR THE GRANTING OF BENEFITS, AND THE DECISION OF THE SECRETARY DENYING SAME WAS NOT BASED UPON SUBSTANTIAL EVIDENCE IN THE RECORD AS A WHOLE.
 
 
 7
 The argument in support of this position is based on extensive references to the Listing of Impairments and the opinion of a psychologist, Mr. Nason. The focus of this argument is entirely on the mental limitations and conditions of Logsden, not on her work history or the weight to be accorded to the various physicians' opinions.
 
 
 8
 The Secretary suggests that Logsden may have waived her right to appellate consideration of the stated issue because she failed specifically to raise it in her objections to the report and recommendation of the magistrate judge. The Secretary's contention is well taken.
 
 
 9
 A party waives her right to appeal by failing to file objections to an adverse magistrate's report and recommendation within ten days after the report is filed if advised of the consequences of failing to object. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Where the magistrate judge prepares a report and recommendation, only issues to which specific objections are filed are reviewable upon adoption of the report; the right to appeal is waived as to unopposed issues. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). This latter rule has been applied to Social Security appeals. Crum v. Sullivan, 921 F.2d 642, 645 & n.1 (6th Cir. 1990).
 
 
 10
 The Walters rule is not, however, jurisdictional. Issues that were not raised or raised in an untimely fashion may be considered on appeal if addressed by the district court. See, e.g., Patterson v. Mintzes, 717 F.2d 284, 286 (6th Cir. 1983). Additionally, this court may choose not to enforce the Walters rule if exceptional circumstances militate that it would be in the interest of justice to do so. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987). In this context, the Supreme Court has suggested that the "interest of justice" exception might be applied where the district court's judgment is based on "plain error" as that term is used in Fed. R. Civ. P. 52(b). Thomas v. Arn, 474 U.S. 140, 155 & n.15 (1985).
 
 
 11
 The record before the court does not reflect that Logsden's appeal falls within the "interest of justice" exception to Walters. Logsden was represented by the same counsel throughout her district court action as well as the present appeal. The objections filed are specifically addressed to other aspects of this action. The district court clearly indicated that it had considered the specific issues raised in the objections, but did not indicate that any other isues had been considered sua sponte. There does not appear to have been any impediment to Logsden's counsel's articulating the issue raised on appeal in his objections, if he were inclined to do so.
 
 
 12
 Finally, the district court's decision does not appear to be "plain error" under Fed. R. Civ. P. 52(b). The standard of review that applies to Logsden's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir. 1989) (per curiam):
 
 
 13
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 14
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam), and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. Id.
 
 
 15
 Logsden contends she suffers from a disabling mental condition defined in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P., App. 1, Sections 12.04, 12.05 and 12.08. Sections 12.04 and 12.08 describe affective disorders and personality disorders. Medical evidence of record supports the determination that Logsden's condition did not meet Sections 12.04 or 12.08. Section 12.05 deals with mental retardation, but there is little or no evidence of record to support such a finding. Logsden's counsel extensively relies on the opinion of a psychologist, Nason, in this context, but this report is not in the record as it was submitted only to the Appeals Council, not the administrative law judge. The appeal lacks merit.
 
 
 16
 Accordingly, the district court's judgment is affirmed.