**Dorothy TROSTEL, on Behalf of Julie MURRAY, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

No. 87 C 2628.

United States District Court, E.D. New York.

Aug. 17, 1988.

---

John C. Gray, Jr., Brooklyn Legal Services Corp. B. (William Gottlieb, Nancy Chang, of counsel), Brooklyn, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. (Thomas A. McFarland, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is an action for Supplemental Security Income filed by Dorothy Trostel on behalf of her minor daughter, plaintiff Julie Murray, under the Social Security Act (Act), 42 U.S.C. § 405(g). After defendant Secretary of Health and Human Services (Secretary) denied the application initially and on reconsideration, plaintiff requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ denied her claim and the Appeals Council denied her request for review. The Secretary moves for a remand for further administrative proceedings, and the plaintiff moves for judgment on the record.

The ALJ made the following formal findings. Claimant was seven years old at the time of the hearing, and had never engaged in substantial gainful activity. The medical evidence established that she had attention deficit disorder with hyperactivity. She did not have a listed or equivalent impairment. She was not under a disability through the date of decision, November 25, 1986.

At the hearing, plaintiff's mother testified that plaintiff was emotionally disturbed, developmentally delayed and deficient in speaking ability. The ALJ also took the testimony of a medical advisor who evaluated the record and concluded that plaintiff had attention deficit disorder with hyperactivity but no listed or equivalent impairment.

The rest of the record consists of reports from various psychological, psychiatric, and educational evaluators.

Plaintiff's treating psychologist, Dr. Leon Gersten, performed numerous tests on plaintiff over the course of three visits. In pertinent part, he concluded: (1) the Stanford–Binet test indicated mild retardation in intellectual development; (2) the Wechsler Intelligence Scale test placed plaintiff in the retarded range on the verbal scale but higher in vocabulary; (3) the Bender–Gestalt test revealed "severe and gross visual motor difficulties ... definitely point[ing] to some aspects of perceptual disorganization related to neurological impairment"; (4) her responses on the Rorschach test "were either diffused, concrete or vague." Summarizing, Dr. Gersten found that plaintiff had "severe cognitive limitations ... functions intellectually at mildly retarded level ... [and] displays se-

vere perceptual and visual motor difficulties."

A psychiatrist, Dr. J. Husain, examined plaintiff on behalf of the Secretary. He found "psychomotor excitement and restlessness, even though no grossly abnormal movements were noted." She was "essentially goal-directed for her age and comprehension." She could do simple arithmetic but "was very poor with drawing skills." His impression was learning disorder, speech disorder and emotional reaction to childhood. His prognosis was "fair" and he recommended periodic "psycho neurological assessments."

The record also contains various assessments from Board of Education psychologists and evaluators. Generally, they noted difficulties in speech articulation, language comprehension, integration of words, syntax and serial language skills. The Wechsler Intelligence test revealed low-average to average intellectual functioning. Plaintiff's visual-motor skills were significantly behind children of her age. She had "a short attention span, low frustration tolerance, and impulsive behavior." She was "emotionally disturbed," "a youngster who is overwhelmed by unsatiated nurturance and dependency needs as well as strong fears of abandonment."

Under the Act and the Secretary's regulations, a child under the age of eighteen will be deemed disabled only if the child's condition meets or equals a listed impairment. 20 C.F.R. § 416.924. The Secretary must first consider whether the child's condition falls under those impairments listed for children. 20 C.F.R. § 404, Subpart P, App. 1, Pt. B. Only then is the Secretary to consider whether the condition meets or equals an adult listed impairment. 20 C.F.R. § 404, Subpart P. App. 1, Pt. A.

■ In moving for a remand, the Secretary concedes that the ALJ considered only whether plaintiff's condition fell under the adult listings. Plaintiff moves for reversal, contending that the record amply supports a finding of disability under Listing 111.09(A) for children which reads: "Communication impairment, associated with documented neurological disorder. And one of the following: A. Documented speech deficit which significantly affects the clarity of and content of the speech...."

The record contains overwhelming evidence, particularly from the Board of Education psychologists and evaluators, that plaintiff suffered from a speech deficit significantly affecting clarity and content. The question is whether the record compels the conclusion that this impairment is "associated with documented neurological disorder."

The ALJ confined his analysis to whether plaintiff's condition fell under Listing 12.02 for adults, titled "Organic Mental Disorders." Relying on the analysis of the medical advisor, the ALJ found that plaintiff suffered from attention deficit disorder with hyperactivity. The ALJ's decision, as amplified by his coloquy with the medical advisor, indicates a conclusion that plaintiff had an "organic mental disorder," but that she did not meet the additional requirements of subsection B of Listing 12.02. On the form attached to his decision, the ALJ checked boxes marked "Organic Mental Disorders" and, in language also taken from Listing 12.02, "Psychological or behavioral abnormalities associated with a disfunction of the brain" as evidenced by A.D.D. with hyperactivity. Although the record is not without ambiguity, the court is satisfied that the ALJ's conclusion that plaintiff suffered from the aforementioned conditions compels the conclusion under Listing 111.09 for children that she suffered from a "documented neurological disorder."

This conclusion appears to be in line with current thinking about attention deficit disorder. The court takes judicial notice of a treatise cited by plaintiff stating that "it is believed that [attention deficit disorder] is the result of a brain dysfunction, not emotional conflict." Brunstetter & Silver, *Attention Deficit Disorder*, in *Comprehensive Textbook of Psychiatry IV* 1684 (H. Kaplan & B. Sadock eds., 4th ed. 1985). The Secretary cites language from a treatise tending to contradict this assertion, but significantly that language has been deleted from the treatise's revised edition. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 51 (3d ed. rev. 1987).

■ Moreover, plaintiff's psychologist concluded that the Bender–Gestalt test showed a neurological impairment. The Secretary argues that this conclusion is entitled to little weight because made by a psychologist and not a psychiatrist trained in medicine. Surely, however, a psychologist, though not trained to treat a medical condition, must be able to distinguish disorders of a medical origin from those of a "psychological" origin. Plaintiff cites a treatise, of which this court takes notice, stating that the Bender–Gestalt test is "[o]ne of the most popular tools in the armamentarium of the clinical psychologist.... [It is] widely used as a screening test for brain dysfunction." P. Lacks, *Bender–Gestalt Screening for Brain Dysfunction* 1, 2 (1984). Accordingly, under the present circumstances, the court accords Dr. Gersten's opinion that degree of weight mandated by the Second Circuit's treating physician rule. There being no substantial evidence of record contradicting Dr. Gersten's opinion, it is controlling.

Plaintiff's motion for judgment on the pleadings is granted. The court remands the case for calculation of benefits within 60 days. The court will entertain a motion to hold defendant in contempt if this order is not complied with within 60 days and no application is made to extend the time. So ordered.