**Hilda CRUM, Plaintiff–Appellee,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellant.**

**No. 90–5491.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 8, 1990.

Decided Dec. 13, 1990.

---

Polly A. Peterson (argued), Legal Services of Upper East Tennessee, Inc., Johnson City, Tenn., for plaintiff-appellee.

Nancy R. Bartlett, Asst. Reg. Counsel (argued), Bruce Granger, Mack A. Davis, Mary Ann Sloan, Holly A. Grimes, Dept. of Health and Human Services, Office of General Counsel, Atlanta, Ga., John W. Gill, Jr., U.S. Atty., Paige Auer Winck, Asst. U.S. Atty., Knoxville, Tenn., for defendant-appellant.

Before KRUPANSKY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Defendant-appellant Louis W. Sullivan, M.D., Secretary of Health and Human Services (Secretary) has appealed from a judgment entered by the United States District Court for the Eastern District of Tennessee in favor of plaintiff-appellee Hilda Crum (claimant), remanding the case to the Secretary for an award of Supplemental Security Income (SSI) benefits.

The claimant filed an application for SSI payments on April 1, 1986. After consideration and review at several administrative levels, the final decision of the Secretary, entered March 29, 1989 affirming a July 20,

1988 decision of an administrative law judge (ALJ) was to deny SSI benefits. The ALJ relied on the reports and testimony of both a psychiatrist, Dr. Wiley, and a psychologist, Dr. Hier, as well as the claimant's treating physician, Dr. Barrowclough, in reaching his conclusion. The ALJ credited the psychologist's testimony over that of the psychiatrist's in reaching his decision. Contrary to the report and recommendation of a magistrate, the district court held the following:

A finding of disability is properly made upon proof of a "medically determinable" mental impairment. *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 366 (C.A. 6 1984). Relative to Dr. Wiley's assessment, *i.e.*, one done by a medical doctor, Dr. Hier's assessment, *i.e.*, one not done by a medical doctor, is not substantial evidence supporting a finding of no medically determinable mental impairment. Therefore, the findings of the Secretary are not supported by substantial evidence in the record.

*Crum v. Sullivan*, No. CIV–2–89–190 (E.D. Tenn. December 20, 1989) (order).

 The court of appeals reviews the district court's conclusion in social security cases *de novo*, and directly reviews the Secretary's findings and conclusions as if it were the first reviewing court. The court must affirm the Secretary's decision if supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Houston*, 736 F.2d at 366. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion...." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). The Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. *Id.* at 390, 391, 91 S.Ct. at 1422–23, 20 C.F.R. § 404.1545, 416.445. Credibility is weighed by the Secretary. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984). Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports

the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc).

The Social Security Act, as amended states, in pertinent part:

(d)(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment....

42 U.S.C. § 423(d)(1)(A) (West Supp.1989) (emphasis added).

(h) An initial determination ... that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Secretary has made every reasonable effort to ensure that a qualified psychiatrist *or psychologist* has completed the *medical* portion of the case review ....

42 U.S.C. § 421(h) (West Supp.1989) (emphasis added). The purpose of section 421(h) was to ensure the availability of "mental health specialists" in mental impairment cases. *See* H.R.Rep. No. 618, 98th Cong., 2d Sess. 4, 18 (1984) and S.Rep. No. 466, 98th Cong. 2d Sess. 20 (1984), U.S.Code Cong. & Admin.News 1984, 3038, 3055.

The Secretary's regulations provide that clinical signs of a mental impairment are "typically assessed by a psychiatrist *or psychologist* and/or documented by *psychological* tests." 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(B) (emphasis added). The regulations list both licensed physicians and licensed or certified psychologists as acceptable medical sources. 20 C.F.R. § 416.913. The regulations establish the qualifications that a psychologist must have pursuant to section 421(h). 20 C.F.R. § 416.1016.

Several courts have held that psychiatrists and psychologists are equally capable of assessing mental conditions. *McAllister v. Sullivan*, 888 F.2d 599, 602 n. 3 (9th Cir.1989); *United States v. Brawner*, 471 F.2d 969, 994 (D.C.Cir.1972). *See also Trostel o/b/o Murray v. Bowen*, 695 F.Supp. 1418, 1421 (E.D.N.Y.1988); *Boll-*

*ing v. Bowen*, 682 F.Supp. 864, 865 (W.D. Va.1988).

■ There can be little doubt that Congress intended that findings of a psychologist are sufficient to establish that a mental impairment has been "medically" determined. Although "medically determinable" is not precisely defined, interpreting section 423(d)(1) *in pari materia* with section 421(h), the term "medically" must be defined broadly enough to mean "professionally" when the professional involved is a qualified, and properly licensed or certified psychologist. Nor do the statutes or regulations suggest that a psychologist's evaluation is to be given less weight than a psychiatrist. The *Houston* case cited by the district court does not hold otherwise. *Houston* simply established that the subjective complaints of a claimant are insufficient to establish a disability and parrots the language of section 423(d)(1) in holding that a disability must be "medically determinable," *i.e.*, can be established through clinical observations and accepted testing techniques. *Houston* does not limit section 421(h)'s mandate that a psychologist may establish a disability as well as a psychiatrist, as long as he uses proper psychological techniques. Consequently, the psychologist's assessment, if properly determined, constitutes substantial evidence. The claimant has argued that the district court was "recognizing" that the psychiatrist, a medical practitioner, was in a better position to analyze the effects of the claimant's physical condition on her mental state and thus his analysis was necessarily more accurate. But the district court made no such analysis. It made a direct determination that "medical" meant "medical" and that therefore the "nonmedical" psychologist's assessment could not constitute substantial evidence.

■ The claimant made no objections to the magistrate's report and recommendation as to the ALJ's findings of physical impairment and the district court did not address these findings. Thus the ALJ's findings that the appellee was capable of light work, with further restrictions on her ability to handle or manipulate items due to limitations of her tactile senses are unchallenged.[1]

■ The ALJ did not ignore Dr. Wiley's (the psychiatrist's) report. He specifically found that the evidence presented by the claimant's treating physician, Dr. Barrowclough, and by Dr. Konrad (a consulting physician) were more consistent with Dr. Hier's (the psychologist's) assessment than with Dr. Wiley's. Further, Dr. Hier performed accepted psychological tests, while Dr. Wiley's opinions were established almost entirely on the basis of the claimant's subjective complaints.

As it is the Secretary's prerogative to weigh the evidence, and as the ALJ properly considered and evaluated all the evidence before him, including the psychologist's assessment, this court concludes that the Secretary's decision to deny benefits was supported by substantial evidence.

Accordingly, the judgment of the district court in favor of the claimant is REVERSED for the reasons stated herein.

---

1. Only on appeal has the claimant attempted to reargue to a limited extent the physical limitations. But she waived this right when she did not object to the magistrate's report.