940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia L. BLYTHE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-6470.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1991.
 
 W.D.Ky., No. 89-00091; Johnstone, J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before BOGGS, Circuit Judge, LIVELY, Senior Circuit Judge, and CLELAND, District Judge.*
 
 ORDER
 
 4
 Virginia L. Blythe appeals the district court's order which affirmed the Secretary's denial of her application for social security disability benefits and supplemental security income under 42 U.S.C. Secs. 401 and 1381. Her case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel concludes that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 5
 An administrative law judge ("ALJ") denied Blythe's claim because he found that she could perform her past work as an adult sitter or companion. The ALJ's opinion became the final decision of the Secretary on February 9, 1989, when the Appeals Council denied Blythe's request for further review. Blythe was not represented by counsel at any time during these administrative proceedings.
 
 
 6
 After obtaining counsel, Blythe filed a complaint in federal district court, and a magistrate subsequently recommended that the Secretary's decision be affirmed. The magistrate found that Blythe had not worked as an adult sitter long enough for that job to be her past relevant work. However, he also found that the vocational testimony from Blythe's administrative hearing indicated that a significant number of other jobs were still available to her. In her objection to the magistrate's report, Blythe argued only that the vocational expert's testimony was unreliable because he had not considered her recurring spells of uncontrollable crying. On June 19, 1990, the district court adopted the magistrate's recommendation and dismissed the case, after finding that the vocational expert had considered Blythe's crying spells. Blythe filed a motion to alter this judgment, in which she argued that the vocational expert's testimony had been ambiguous with regards to her crying and that this testimony would have been clarified if she had been represented by counsel at her administrative hearing. The district court denied this motion, and Blythe now appeals.
 
 
 7
 A party who does not file objections to a magistrate's report after being advised to do so waives her right to appeal. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Even if timely objections are filed, appellate review is waived with regard to any issue that is not raised in the objections. Crum v. Sullivan, 921 F.2d 642, 645 (6th Cir.1990). However, the waiver rule is not jurisdictional; issues that were raised by untimely objections may also be raised on appeal if they were considered by the district court. Patterson v. Mintzes, 717 F.2d 284, 286 (6th Cir.1983). In addition, this court may choose not to enforce a waiver if exceptional circumstances indicate that it would be in the interest of justice to do so. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 8
 In the case at hand, the following language at the end of the magistrate's report advised the parties that timely objections were necessary to preserve their right to appeal.
 
 
 9
 Pursuant to Title 28 USC Sec. 636 and Rule 6(e) of the Federal Rules of Civil Procedure, the parties shall have thirteen (13) days from the date of service to file written objections to the foregoing report with the Clerk of the Court.... Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.
 
 
 10
 The Secretary did not file any objections to the magistrate's report, and Blythe's objection was limited to the single issue of whether the magistrate properly considered her crying spells. Therefore, the Secretary has waived appellate review of his argument that Blythe's past work was relevant. Similarly, Blythe has waived further review of the following arguments because they were not raised in her objection to the magistrate's report: 1) that the district court should have remanded the case for further proceedings; 2) that the Secretary failed to develop the record; and 3) that the Secretary did not give adequate consideration to the lay testimony in the record. An exception to the waiver rule would not serve the interests of justice in this case because the parties have not offered any explanation for their failure to present these issues to the district court after the magistrate filed his report and recommendation.
 
 
 11
 The only issue which was preserved for appellate review is Blythe's contention that the vocational expert did not consider her crying spells when he testified regarding the work that was still available to her. The standard of review that applies to this issue was articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 12
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 13
 Id. at 681 (citations omitted).
 
 
 14
 To be meaningful, a vocational expert's testimony must be based on hypothetical questions that accurately portray the claimant's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987). It is evident that the hypothetical posed in the instant case accurately described Blythe's condition. The ALJ repeatedly questioned the vocational expert regarding Blythe's alleged spells of uncontrolled crying. In addition, the ALJ specifically asked Blythe and her daughter if there were any questions that they would like to ask the vocational expert at the close of his testimony. Thus, the ALJ adequately developed the record with regards to the functional limitations that might be associated with Blythe's crying. See Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1172 (6th Cir.1990). Moreover, the record shows that Blythe was notified of her right to counsel in writing prior to the administrative hearing and that the ALJ clarified Blythe's waiver of that right before proceeding with her hearing. Therefore, the ALJ also satisfied his duty to advise Blythe of her right to representation. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986).
 
 
 15
 Nevertheless, Blythe argues that the expert's response was ambiguous because he stated that frequent crying spells would "interfere to some degree" with an individual's ability to work. However, the expert considered Blythe's crying before testifying that she could perform her past work as a companion as well as numerous other jobs. Moreover, the expert's testimony that 10,000 jobs were still available to Blythe came immediately after his testimony that crying could interfere with a person's ability to work. Thus, although the vocational testimony could have been clearer, it was evidence that a reasonable mind might accept as adequate to support the conclusion that Blythe was not disabled. See Varley, 820 F.2d at 780.
 
 
 16
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation