19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BALLARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2203.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 William Ballard appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have expressly waived oral argument.
 
 
 3
 Ballard filed an application for social security disability insurance benefits with the Secretary alleging that he suffered from a ruptured disc, lower back pain, arthritis, and ulcers. Following a hearing, the administrative law judge (ALJ) determined that Ballard was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination.
 
 
 4
 Ballard then filed a complaint seeking a review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. Ballard filed a timely appeal.
 
 
 5
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Ballard does not satisfy listing 1.05C of 20 C.F.R. Part 404, Subpart P, App. 1. The ALJ was not bound by Dr. Feferman's opinion as it conflicted with the opinions of Ballard's other treating physicians. In light of this conflict, it is the ALJ's duty to resolve this conflict. See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir.1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Finally, the ALJ properly concluded that Ballard's testimony was not credible. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation