25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marvin J. McGUIRE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3534.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this case, we are asked to determine whether substantial evidence supports the determination of the defendant Secretary of Health and Human Services that the plaintiff, Marvin J. McGuire, was not entitled to Social Security disability benefits because he was not disabled within the meaning of 42 U.S.C. Secs. 423 and 1381a.
 
 
 2
 The scope of our review in cases such as this is extremely limited, in that "[s]ubstantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health & Human Services, 987 F.2d 1230, 1233 (6th Cir.1993). The plaintiff left his employment as a maintenance mechanic in 1988, claiming that a series of low back injuries between 1965 and 1984 disabled him from further employment. The Secretary's administrative law judge found, based on comprehensive documentary and testimonial evidence, that the plaintiff's characterization of the severity of his symptoms was not supported by the medical evidence and was not credible. The ALJ further found that the plaintiff retained the functional capacity to perform a significant number of light-duty jobs. We have examined the record and find that substantial evidence supports these conclusions.
 
 
 3
 To be sure, there was conflicting medical evidence before the ALJ. However, the record demonstrates that the ALJ scrupulously considered and weighed all of this evidence before resolving the conflicts, as was his responsibility. See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir.1990). To the extent he rejected medical evidence as incredible, he so stated. Cf. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). While the plaintiff would have us assign greater weight to those medical opinions more supportive of his position, such reweighing of the evidence clearly is outside the scope of our review.
 
 
 4
 Accordingly, we AFFIRM the district court's order upholding the Secretary's denial of benefits.