**William N. ALLEN, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration. Defendant–Appellee.**

**No. 00–3166.**

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

PER CURIAM.

Plaintiff William N. Allen appeals from the judgment of the district court upholding the denial of his application for social security disability benefits. Plaintiff argues that the administrative law judge's conclusion that his impairments were not "severe" was not supported by substantial evidence. He also argues that the ALJ and district court erred in considering his receipt of unemployment compensation benefits as evidence of his ability to work. After a review of the record and arguments presented on appeal, we affirm.

I.

On December 20, 1993, plaintiff stopped working as a cook for Thistle Down race track. Plaintiff subsequently began to receive unemployment compensation benefits from Thistle Down until June of 1994.

In May of 1994, plaintiff applied for supplemental security income and disability insurance benefits, stemming from an alleged disability with an onset date of December 20, 1993. In his original applications, he identified neck, back, shoulder, arm, and nerve impairments as those dis-

abling him from work.[1] His applications were denied initially and upon reconsideration. Following a hearing in which plaintiff testified, the ALJ denied plaintiff's claim for benefits, concluding that his impairments consisting of a cervical sprain with degenerative arthritis, left ventricular hypertrophy, and sinus bradycardia were not severe and thus not disabling. The Appeals Council denied review, rendering the ALJ's decision final for review purposes.

Plaintiff then sought judicial review of the ALJ's decision in the district court. By agreement of the parties, the matter was referred to a magistrate judge who made a final decision upholding the decision of the ALJ that plaintiff's impairments were not severe. This appeal followed.

## II.

In applying the required five-step sequential process codified in 20 C.F.R. § 404.1520, the ALJ found at the second step, which involves an evaluation of the severity of the claimed impairments, that plaintiff's impairments were not "severe" and that plaintiff was therefore "not disabled." Plaintiff claims that the district court erred in upholding these findings and in denying him benefits on that basis. We must affirm the ALJ's finding that plaintiff's impairments were not severe unless that finding is not supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). *See also Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

▋ "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability

regardless of age, education, and experience." *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988).[2] Plaintiff carries the burden of proving the severity of his impairments. *See id.* at 863. While this step has been described as a *"de minimis* hurdle," we have recognized that the severity requirement can be employed to screen out "claims that are 'totally groundless' solely from a medical standpoint," *Id.* at 862–63 (citation omitted). Based upon the record, we conclude that the ALJ did not err in finding that plaintiff's impairments were not severe.

Plaintiff contends that his disability began on December 20, 1993, the last day of his employment with Thistle Down. He also claims that the disabling problems with his neck began in January of 1992, when his neck locked up while driving his daughter to college. At that time, plaintiff sought emergency-room treatment for neck spasms. Despite the problems with his neck, plaintiff continued to work at Thistle Down and only ceased working there when Thistle Down closed for the season. On July 17, 1994, plaintiff received emergency-room treatment for pain and stiffness in his right neck and shoulder, and was informed upon release that he could "resume regular work activities immediately."

Plaintiff claims to have received treatment from MetroHealth Medical Center since November of 1994 for the pain associated with his neck, back, and arms and for his heart problems. While Dr. Ryan, plaintiff's treating physician at Metro-Health, opined in three separate letters, the latter of which was not before the ALJ, that plaintiff was disabled from working, his opinions are wholly concluso-

---

1. He subsequently added heart problems as a disabling impairment.

2. Plaintiff was fifty-years-old at the onset of his alleged disability and had "limited" education.

ry in nature and unsupported by any medical findings.[3] As such, they are entitled to little, if any, weight. *See Kirk v. Sec'y of HHS*, 667 F.2d 524, 538 (6th Cir.1981) (treating physician's diagnosis is to be given greater weight only if substantiated by sufficient medical data). *See also Houston v. Sec'y of HHS*, 736 F.2d 365, 367 (6th Cir.1984) (brief, conclusory letter from plaintiff's treating physician found not dispositive on the issue of the determination of disability).

On December 30, 1996, one week prior to the hearing before the ALJ, plaintiff began to receive physical therapy for the pain associated with his neck, back, and arms, which included both the application of heating pads to his neck and arm exercises that were too painful to perform. He also testified to taking pain medication to help him sleep. Even if we agree with plaintiff that he has offered substantial evidence in support of his claim that his cervical impairment was severe, we could not overturn the ALJ's finding in this regard if there is substantial evidence to support that finding. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir.1990) ("Where substantial evidence supports the Secretary's determination, it is conclusive, *even if substantial evidence also supports the opposite conclusion.*") (emphasis added). Based upon the record, we conclude that the ALJ's determination that plaintiff's impairments were not severe was supported by substantial evidence, and we affirm the denial of benefits on that basis.

Plaintiff also challenges the ALJ's reliance upon his application for and receipt of unemployment compensation benefits between December of 1993 and June of 1994 as evidence of his ability to work during that time period. He claims that his receipt of benefits does not prove whether he was disabled, but speaks only to his "desperation for money."[4]

Plaintiff mischaracterizes the ALJ's action in this regard. The ALJ did not rely upon plaintiff's application for unemployment benefits to support his conclusion that plaintiff's cervical impairment was not severe but, rather, referred to it as support for his conclusion that the cessation of plaintiff's employment with Thistle Down was not due to any disability, but was the result of the facility's closing. Specifically, the ALJ stated:

> The determination the [plaintiff's] cervical arthritis is a non-severe impairment is additionally supported by the fact the [plaintiff] ceased working because his place of employment [Thistle Down] went out of business, not because he was unable to work. (*E.g.,* he filed a claim for unemployment compensation benefits in December 1993 and qualified to receive such through June 1994, indicating at that time he was ready and able to work).

Plaintiff finally contends that his application for unemployment benefits is analogous to the trial work period provided by 20 C.F.R. § 404.1592, because there is no difference between an attempt to

---

**3.** When the Appeals Council denies review, we consider only the evidence presented to the ALJ in determining whether his finding of non-severity was supported by substantial evidence. *See Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir.1993). Moreover, even if we were to consider the additional evidence submitted to the Appeals Council, our conclusion would not change. *See id.* For example, while Dr. Ryan opines that plaintiff "is con-

sidered to be disabled," the ultimate determination of disability is to be made by defendant and not by plaintiff's treating physician. *See Houston v. Sec'y of HHS*, 736 F.2d 365, 367 (6th Cir.1984).

**4.** Plaintiff concedes, however, that his application for unemployment benefits may raise the question of his credibility.

work under the trial work rules and an application for unemployment benefits. Plaintiff is mistaken, because the trial work period provided for in § 404.1592 was designed to permit a claimant, already deemed disabled, to test his ability to work and still be considered disabled. *See Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 831 (6th Cir.2000). The Social Security Administration is statutorily prohibited from considering work performed during the trial work period in determining whether the individual's disability has ceased during that period. *See id.* Here, plaintiff was neither deemed "disabled" nor performing work during any period since December 20, 1993. As a result, his reliance upon the trial work period analogy is misplaced.

AFFIRMED.