**Dennis M. GRIBBINS, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 01–5752.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

Dennis M. Gribbins, through counsel, appeals a district court judgment that affirmed the Commissioner's denial of his claim for social security disability and supplemental security income benefits. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

argument is not necessary. Fed. R.App. P. 34(a).

Gribbins applied for benefits in 1996, claiming that he became disabled in August 1995 because of bipolar disorder, anxiety, and past physical injuries. Following an April 1998 hearing, an administrative law judge ("ALJ") found that Gribbins would not be disabled if he ceased using alcohol and drugs for a significant period of time. The Appeals Council subsequently vacated this decision and remanded the case to another ALJ for further proceedings.

At the time of the second hearing, held on September 22, 1999, Gribbins was fifty years old and had a seventh-grade education. Gribbins testified that he had not worked since 1995, that he spent his days watching television or lying in bed, and that he sometimes went for brief strolls near his apartment in Campbellsville, Kentucky. He stated that he could wash dishes and pay his own bills but that his niece did his grocery shopping. Gribbins explained that he took medication that helped his bipolar disorder and anxiety and that he had not used alcohol or illegal drugs for two years. Gribbins stated that he talked to his neighbors from time to time but that he could not work his past jobs as a painter, barrel maker, or material handler. Upon questioning from his attorney, Gribbins stated that he could not wash dishes for a living because he "can't get along with people real good." Upon questioning by the medical expert, Gribbins testified that he was prevented from working because he cannot cooperate with superiors or work in a group of people.

The medical expert testified that the records showed that Gribbins had a past history of alcohol-related mood disorder, that the records had changed somewhat since the onset of Gribbins's temperance, and that his current impairment was bipolar disorder—which was meliorated by medication. The medical expert noted that it was unclear how well Gribbins could work with others because his history of difficulty was tainted by alcohol abuse, and Gribbins had not worked since he stopped drinking. Counsel asked the medical expert to harmonize his testimony with a treating physician's conclusory opinion that Gribbins was unable to work. The medical expert noted that the opinion was inconsistent with the medical evidence because another treating physician had also assigned Gribbins a Global Assessment of Functioning ("GAF") score of sixty, indicating only moderate difficulty with social and occupational functioning.

The vocational expert testified that, pursuant the hypothetical posed by the ALJ, Gribbins could work as a cleaner or in building services and that there were hundreds of these jobs in the local area, thousands in Kentucky, and over a million across the nation.

The ALJ found that Gribbins suffered from bipolar disorder and alcohol abuse (in remission) but that he did not have an impairment severe enough to be listed in Appendix 1, Subpart P, Regulations No.4. The ALJ determined that Gribbins's testimony regarding the severity of his impairments was not entirely credible, that Gribbins could not perform his past work, but that he could perform work as a janitor. The ALJ concluded that Gribbins was not eligible for the benefits he sought. The Appeals Council denied Gribbins's request for review of the ALJ's decision.

Gribbins sought review of the Commissioner's decision in federal court. In a thorough, ten-page report and recommendation, the magistrate judge recommended that the district court grant judgment in the Commissioner's favor. Over Gribbins's objections to the report and recommendation, the district court adopted the findings of the magistrate judge and granted judgment for the Commissioner.

In his timely appeal, Gribbins argues: (1) that the district courts erred by concluding that the ALJ's written decision contained a typographical error, rather than a legal error; (2) that the ALJ improperly relied on the opinion of the medical expert to decide vocational issues; (3) that the opinion of a treating psychologist was improperly rejected; (4) that the ALJ erred by relying exclusively upon the testimony of the medical expert; and (5) that the ALJ erred by crediting a social worker's March 1999 notation the Gribbins was still abusing alcohol.

Three of Gribbins's five contentions deserve only brief initial treatment. First, the averred typographical "correction" by the district court is not controlling on appeal. We review de novo a district court's judgment in a social security case, in essence reviewing the Commissioner's findings and conclusions as if we were the first reviewing court. *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir.1990). The findings and conclusions of the Commissioner are reviewed by this court in the context of the record as a whole. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). It is nonetheless noted that, upon review of the hearing transcript and the ALJ's decision *in pari materia*, the district court did not err in finding mere typographical error in the ALJ's second statement regarding residual functional capacity. Thus, Gribbins's first enumerated contention lacks merit.

Second, Gribbins's second and fifth enumerated contentions lack a basis in fact. The ALJ gave credence to Gribbins's testimony that he had stopped drinking and specifically noted that Gribbins's past alcohol abuse was not a material factor in his decision. A gleaning of the record also reveals no support for Gribbins's contention that the ALJ confused the respective roles of the medical and vocational experts.

Gribbins's remaining contentions, numbered three and four, amount to a single argument that the ALJ erred in rejecting a treating physician's opinion on the ultimate question of disability. This contention also lacks merit.

On March 27, 1998, Dr. James G. Bland stated the following in a nearly illegible notation on an assessment form: "[W]ith his bipolar disorder that has not been effectively treated[,] [Gribbins] could not be expected to function adequately in the workplace. He has not worked in over 4 years. He is beginning treatment in a different [or treatment] facility."

Although the Commissioner generally gives more weight to the opinions of treating physicians, a treating physician's opinion regarding disability is not conclusive. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir.1986). The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). A treating doctor's findings regarding ultimate disability cannot be conclusive; the finding of disability is made by the Commissioner, not a physician. *See* § 404.1527(e).

Dr. Bland's opinion was properly rejected because it was contradicted by other medical evidence, including another treating physician's GAF score. It did not take into account the relief Gribbins admittedly had obtained from his anti-anxiety and anti-psychotic medication, which was apparently unknown to Dr. Bland at the time Dr. Bland issued his opinion.

Nothing indicates that the Commissioner gave to much weight to the opinion of Dr. Edelson, the medical expert. The Commissioner may consider the opinion of

nonexamining medical consultants. § 404.1527(f). Because the opinions of the medical expert was more consistent with the objective medical evidence and Gribbins's testimony regarding his daily activities and the effectiveness of his medication, the Commissioner's discrediting of Dr. Bland's findings was not error. It is the Commissioner's function to resolve conflicts in the medical evidence, *see King v. Heckler,* 742 F.2d 968, 974 (6th Cir. 1984), and the record reveals that the ALJ considered *all* of the submitted medical evidence in reaching his conclusion that Gribbins was not disabled. *See* § 404.1527(b) (Commissioner considers all medical evidence).

For these reasons, we affirm the district court's judgment.