**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0747n.06
Filed: October 10, 2006

**No. 05-2407**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEENAN L. RIEPEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, GILMAN, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Plaintiff Keenan L. Riepen appeals the district court's decision affirming the Commissioner of Social Security's denial of Riepen's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Various doctors and occupational experts offered different opinions about Riepen's ability to work and the nature of his impairments. The ALJ's analysis adequately states why he did not credit the evidence and testimony in favor of Riepen's purported disability. Because the Commissioner's conclusion that Riepen is not disabled is supported by substantial evidence, we affirm.

Riepen has a high school equivalency degree and was employed as a golf course maintenance worker and bowling alley attendant. Riepen filed for social security disability benefits in 1998. He

claimed that a variety of impairments, both physical and mental, made him disabled for purposes of social security disability. In particular, Riepen claimed to have qualified Multiple Sclerosis ("MS"), which is a listed impairment that would entitle him to an irrebutable presumption of disability. Riepen's testimony included a discussion of his various ailments, that he does not work, that he had leg fatigue from recurring childhood injuries and surgeries, and suggested that he is in bad health and spirits. Various medical evidence tends to bolster Riepen's testimony. Other medical evidence and testimony tends to undermine Riepen's claims and show that he is exaggerating.

Riepen had a hearing before an ALJ in 2003. The ALJ denied benefits, concluding that the medical evidence did not support Riepen's claim to have MS, and that if Riepen did have MS, his condition was not sufficiently severe to meet the requirements of a listed impairment entitling Riepen to an irrebutable presumption of disability. The ALJ further reasoned that Riepen could perform sedentary work and was therefore not disabled. In 2004, the Commissioner adopted the ALJ's decision as the final decision in Riepen's case. Riepen then appealed to the district court.

A magistrate judge issued a detailed opinion, to which Riepen made two objections. Riepen's objections were that the magistrate judge erred by finding that Riepen did not have MS and that the magistrate judge did not follow the treating-physician rule relied upon in *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004). The district court adopted the magistrate judge's opinion and responded to Riepen's objections. Riepen's arguments before this court are largely the same as those addressed to the district court.

This Court reviews the district court's conclusion in a social security case de novo. *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). However, we review the underlying findings of the Commissioner to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Riepen first argues that the ALJ erred when finding that his MS was not a severe impairment for purposes of step two of the evaluation process.[1] Because the ALJ ruled in Riepen's favor at step two despite this finding, we need not review the ALJ's conclusion that Riepen's MS was not a severe impairment at that step. Even if Riepen is correct in his contention that the ALJ should have found his MS to be a severe impairment, this would not be a basis for reversal or remand because the ALJ considered all of Riepen's alleged limitations throughout the remaining steps of the evaluation process. In *Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987), this court held that once an ALJ determines that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the sequential evaluation process and consider all impairments, including those which were not found to be "severe" at step two.

In this case, the ALJ found that Riepen had a severe combination of impairments, and therefore continued the evaluation process after step two. At each of the subsequent steps, the ALJ

---

[1]In evaluating whether a claimant is disabled, the Commissioner is to consider, in a five-step sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. § 416.920(a).

properly considered Riepen's MS-related symptoms. The ALJ expressly considered Riepen's MS-related allegations in his determination that Riepen did not have any impairment that meets or equals a listed impairment. The ALJ also considered all of Riepen's documented symptoms and limitations, regardless of whether they were MS-related, in assessing Riepen's residual functional capacity. Because the ALJ considered all of Riepen's impairments throughout the evaluation process, including those symptoms and limitations which Riepen characterized as being caused by MS, the ALJ's finding that Riepen's alleged MS was not a severe impairment does not constitute reversible error.

The ALJ's conclusion at step three that Riepen did not have an impairment (including MS) equivalent to a listed impairment is supported by substantial evidence. Riepen argues that the ALJ should have found that he had severe MS that rendered him disabled at step three,[2] and that the ALJ erred by not giving sufficient weight to Dr. Awerbuch's opinion, as a treating physician, that Riepen has sufficiently severe MS to satisfy a listed impairment. For MS to entitle a claimant to a presumption of disability under the relevant listing at step three, the claimant must establish failure of motor function with substantial muscle weakness, demonstrated on physical examination, from neurological dysfunction in areas of the central nervous system known to be involved by the Multiple

---

[2]The Commissioner contends that Riepen has waived appellate review of the issues regarding the ALJ's analysis of the remaining steps of the sequential evaluation. For the purposes of this opinion we assume for purposes of argument, without holding, that Riepen's objections to the magistrate's recommendation were sufficient to permit appellate review of all issues before this court.

Sclerosis process. *See* 20 C.F.R. § 404.1525, App'x 1, Paragraph 11.09(c) (definition of MS that creates a presumption of disability).[3]  A threshold requirement of the listing is the documented presence of MS.[4]

Riepen underwent numerous tests to confirm a diagnosis of MS.  Although Riepen argues that the ALJ "substituted his own opinion for that of the treating neurologist," the ALJ's opinion is not inconsistent with Dr. Awerbuch's May, 2002, report.  Dr. Awerbuch actually noted that Riepen's symptoms can be explained by his other medical conditions.  None of Riepen's tests for MS was conclusive, and, other than Dr. Awerbuch, no other physician of record found that MS was the likely cause of Riepen's symptoms.  Thus, the ALJ's conclusion that Riepen's symptoms are due to impairments other than MS is supported by substantial evidence.

Furthermore, the ALJ found that even if Riepen had MS, Riepen failed to satisfy the requirements for the listing.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.09 offers three ways to prove MS.  Although Dr. Awerbuch's opinion implicated only one of the three, the ALJ compared

---

[3]20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.09 offers three ways to prove MS.  Only the third method, found in subpart C of the listing, is implicated by Dr. Awerbuch's opinion. Although the ALJ did consider them, the other possibilities for MS at step three are not supported by the record.

[4]     Use of the criteria in 11.09C is dependent upon (1) documenting a diagnosis of multiple sclerosis, (2) obtaining a description of fatigue considered to be characteristic of multiple sclerosis, and (3) obtaining evidence that the system has actually become fatigued. The evaluation of the magnitude of the impairment must consider the degree of exercise and the severity of the resulting muscle weakness.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00(E).

Riepen's symptoms and mental limitations to the criteria under all three sections of the MS Listing and explained his rejection of Dr. Awerbuch's opinion that Riepen met the MS listing criteria. In his analysis, the ALJ relied on numerous factors from the record to support his conclusion, including evidence that Riepen had a normal ability to walk, continued to be active, and performed household and yard chores. The ALJ articulated "good reasons" for concluding that Dr. Awerbuch's diagnosis did not establish a relationship between Riepen's symptoms and MS; accordingly, the ALJ's decision not to give Dr. Awerbuch's opinion controlling weight conformed to the requirements of 20 C.F.R. § 404.1527(d)(2).

Finally, the ALJ's reliance on the vocational expert's opinion was supported by substantial evidence. Riepen argues that the ALJ erred in step five of the evaluation process because the hypothetical he presented to the vocational expert inaccurately described Riepen's mental impairment. However, the ALJ accounted for Riepen's limitations in maintaining concentration, persistence, and pace by restricting his hypothetical to simple, unskilled tasks. Furthermore, the ALJ's hypothetical was supported by the opinion of two reviewing medical consultants who found that Riepen retained the ability to perform simple tasks on a sustained basis, could relate to others, and could adapt. Based on the vocational expert's testimony, substantial evidence supports the ALJ's finding that despite Riepen's mental limitations, Riepen could perform a significant number of jobs in the national economy, and was therefore not disabled.

The judgment of the district court is AFFIRMED.