NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0073n.06

Case No. 22-3359

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Feb 06, 2023
DEBORAH S. HUNT, Clerk

|                                            |     |                                      |
| ------------------------------------------ | --- | ------------------------------------ |
| ROBERT DOLLINGER,                          | )   |                                      |
|                                            | )   |                                      |
| Plaintiff - Appellant,                     | )   | ON APPEAL FROM THE UNITED            |
|                                            | )   | STATES DISTRICT COURT FOR            |
| v.                                         | )   | THE NORTHERN DISTRICT OF             |
|                                            | )   | OHIO                                 |
| COMMISSIONER OF SOCIAL SECURITY,           | )   |                                      |
|                                            | )   |                                      |
| Defendant - Appellee.                      | )   | OPINION                              |
|                                            | )   |                                      |

Before: COLE, GIBBONS, and READLER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Robert Dollinger appeals the district court's decision affirming the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income. On appeal, Dollinger argues that the administrative law judge ("ALJ") improperly discounted the opinions of his treating physician, Dr. Michael Harris.[1] Because the ALJ's decision is supported by substantial evidence, and because the ALJ provided sufficient reasons for giving limited weight to the treating source in question, we affirm.

---

[1] Dollinger includes in his "Statement of Issues" that the ALJ also failed to give adequate weight to the opinion of his treating psychologist. However, he does not elaborate or further develop this argument. Therefore, we deem this issue waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (internal quotations, ellipses, and citation omitted).

I.

Robert Dollinger was born in 1964 and was forty-seven years old at the time of the alleged onset of his disabilities. He completed a four-year college degree and had experience working as both a college instructor and a mortgage loan originator until early 2012. Dollinger claims a disability onset date of March 20, 2012, when he began experiencing lumbar pain that radiated into his legs. Dollinger sought treatment from several doctors and pain specialists for continuing back pain before undergoing back surgery in September 2012. The back surgery caused a staph infection, leading him to contract spinal meningitis.

In his 2013 disability benefits application, Dollinger explained that he suffered both physical and cognitive difficulties following the surgery and infection, including residual back pain, memory problems, nerve and muscle damage, headaches, and trouble sleeping. He complained of limited mobility, including the inability to sit, walk or drive without pain, and the inability to lift anything heavier than a few pounds. Dollinger also suffered from shoulder pain from childhood sports injuries and knee pain from a fall, both of which required additional surgeries. He also experienced asthma and ADHD.

The Social Security Administration denied Dollinger's claims at both the initial and reconsideration levels. It determined that he was not disabled because his physical and mental disorders, though at times uncomfortable and limiting, did not preclude him from performing light work. At Dollinger's request, an ALJ hearing occurred in September 2015, after which the ALJ issued a decision that Dollinger was not disabled. On review, the Appeals Council remanded the case to the ALJ because of post-hearing evidence that was submitted without being reviewed by Dollinger. Following another ALJ hearing in August 2017, the ALJ again determined that Dollinger was not disabled. In its Findings of Fact, the ALJ concluded that, while Dollinger

suffered from physical and mental impairments, he retained residual functional capacity—meaning that the conditions were not severe enough to qualify him as disabled because he could still perform some kinds of light work. The ALJ based its conclusion on the reports of multiple state agency doctors as well as Dollinger's admission in his testimony and to doctors that he was able to walk up to two miles daily, drive short distances, swim, stretch, and perform many other basic functions.

Relevant here, the ALJ also acknowledged the 2015 and 2017 reports of Dr. Michael Harris, one of Dollinger's treating physicians. In contrast to the opinions of the state physicians, Harris concluded that Dollinger was highly limited in physical function and incapable of sustaining gainful employment because he needed to be limited to sedentary activity. The ALJ accorded Harris's notes "limited weight" because, in the ALJ's view, the substance of his conclusions was not supported by the record. As the ALJ explained:

> The evidence of record does not support such extreme limitation [of Dollinger's ability to work], particularly evidence showing that the claimant had resumed regular swimming and walking. Further, upon examination, the claimant's back had no tenderness, no spasms, and no evidence of trigger points. Further, straight leg raise was negative. He was noted to sit comfortably; he had full five out of five strength, was noted to be doing quite well, and he was quite comfortable, even when his doctor applied full resistance. Therefore, these findings are granted limited weight.

DE 9, Administrative R., Page ID 76 (internal citations omitted).

The Appeals Council declined Dollinger's request for review and adopted the ALJ's decision as the Commissioner's final decision. Dollinger timely sought judicial review of the agency's determination. A magistrate judge issued a report and recommendation to affirm in part, and reverse and remand in part, to which the Commissioner objected. The district court sustained the Commissioner's objection, declined to adopt the magistrate judge's recommendation to reverse and remand in part, and affirmed the Commissioner's final decision denying Dollinger's applications for benefits.

II.

In social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and is thus entitled to benefits. 42 U.S.C. § 405(h). "The agency's factual findings . . . are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)). The substantial evidence standard is not a particularly high bar. "Substantial evidence" in the social security context "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted). That is, "[t]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997) (citing *Crum v. Sullivan,* 921 F.2d 642, 644 (6th Cir. 1990)).

Even if "substantial evidence otherwise supports the decision of the Commissioner," however, "reversal is required" when the agency fails to follow its own procedural regulations. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). One such regulation, the treating source rule, requires that ALJs accord "controlling weight" to the opinions of treating physicians if the treating source opinions are well supported by medically acceptable techniques and consistent with other substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Additionally, the regulations require ALJs to "always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Id.* (citing 20 C.F.R. § 404.1527(d)(2)) (current version at 20 C.F.R. § 404.1527(c)(2) (alteration in original) (internal quotation marks omitted). Those reasons must be "supported by the evidence

in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating's source's medical opinion and the reasons for that weight." SSR 96-2p, 61 Fed. Reg. 34492 (July 2, 1996).

There is an exception to the treating source rule. An ALJ's failure to give good reasons for according less weight to the opinion of a treating physician can be deemed "harmless error" if

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation.

*Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (citing *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)).

On appeal, Dollinger argues that the ALJ erred by assigning insufficient weight to the opinions of Harris. Dollinger emphasizes how little space the ALJ dedicated to the conclusions of Harris in the ALJ's report and argues that Harris's opinions are entitled to "controlling weight" as a treating source. The Commissioner responds that the ALJ adequately explained his reasoning for giving limited weight to Harris's opinions but that, even if he did not, the decision amounts to harmless error because Harris's "checkbox" opinions were patently deficient.

### III.

Like the district court, we find that the ALJ's decision to accord limited weight to Harris's opinions was, at most, harmless error. First, the case record confirms the ALJ's conclusion that Harris's opinion is contradicted by the record. The ALJ cited numerous examples within the medical record and Dollinger's testimony that reflect inconsistency with Harris's opinion. For example, the ALJ cited the 2013 medical records of another treating physician, Dr. Kathleen King, who noted that Dollinger was "[w]alking [two] miles daily and swimming, making steady

progress." DE 9, Administrative R., Page ID 717. Likewise, the ALJ cited Dr. Blaine Bafus, another treating physician, who noted in August 2016 that Dollinger was "sitting comfortably" and that Dollinger's shoulder strength was a five out of five with internal and external rotation. *Id.* at Page ID 1278. Bafus further concluded that he is "actually doing quite well" and even was "very comfortable when [Bafus] applied full resistance." *Id.* at Page ID 1279. These opinions from other treating physicians conflict with Harris's opinion that Dollinger could only stand or walk for twenty or thirty minutes without interruption over an eight-hour workday.

Most compellingly, the ALJ cites Harris's own treatment notes from August 2016, where an examination of Dollinger's back revealed "no evidence of tenderness," palpitation occurred "without signs of spasm," and there was "no evidence of any trigger points." DE 9, Administrative R., Page ID 1282. The straight leg raise—an indicator of back pain—also had negative results. *Id.* Overall, Harris's impression was that Dollinger's "pain and function [had] improved" and recommended that he continue his home exercise plan. *Id.* This citation suggests that Harris's treatment notes reflect a much more positive view of Dollinger's capabilities than his "checkbox" opinion indicating that Dollinger could, for example, only sit for three to four hours each workday. The ALJ provided examples and citations specific enough to adequately alert reviewers to the good reason why he gave limited weight to Dr. Harris's opinions: They were inconsistent with substantial evidence in the case record.

Furthermore, even if the ALJ's articulation of its reasons for according limited weight to Harris's opinion was in error, it was harmless. The forms used by Harris in both August 2015 and April 2017 provided no objective medical findings. Instead, the forms contained two columns: one with checkboxes, and one with space for the doctor to provide "the medical findings that support this assessment." While Harris completed the checkbox column, he left the "medical

findings" column blank except for a brief note that Dollinger had previously undergone surgery and suffered a staph infection. This is the kind of "vague and unhelpful" opinion that is patently deficient and could not have been credited by the Commissioner. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009) (finding ALJ did not err in discounting opinion of treating source who indicated the claimant was "unable to perform numerous tasks" but "failed to provide any explanation for his responses"); *see also Makela v. Comm'r of Soc. Sec.*, No. 22-1047, 2022 WL 9838285, at *5 (6th Cir. Oct. 17, 2022) (finding that ALJs need not give "controlling weight" to checkbox forms with no reference to medical evidence); *Cohen v. Sec'y of Dep't Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."). Therefore, even if the ALJ's reasoning for giving limited weight to Harris's opinion was procedurally inadequate, it amounts to harmless error.

IV.

For the foregoing reasons, we affirm.