19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dianna L. McPEEK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5204.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 Dianna L. McPeek seeks supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. Sec. 1381, et seq. Challenging the district court's finding that her mental impairment was not manifest prior to her twenty-second birthday, McPeek appeals from the order affirming the Secretary of Health and Human Services' denial of benefits. For the reasons set forth below, we reverse.
 
 
 2
 McPeek is a forty-one-year-old woman who suffers from severe mental and physical impairments. Claiming that she was fully disabled due to subnormal intelligence, depression, hypertension, arthritis, shortness of breath, carpal tunnel syndrome, and varicose veins, McPeek submitted evidence that she received, in June 1985, a performance IQ score of 69 on the Wechsler Adult Intelligence Scale Revised. While she is a high school graduate, McPeek functions on approximately the sixth-grade level and has no history of past relevant work.
 
 
 3
 Following a lengthy review process, the administrative law judge found that McPeek was not entitled to Social Security benefits because she failed to submit valid IQ scores that met the mental retardation disability requirements of 20 C.F.R. Pt. 404, Subpt.P., App. 1, Sec. 12.05(C) (IQ scores ranging from 60 through 70 qualify an individual as mentally retarded). On June 15, 1989, the Appeals Council declined to reverse the administrative law judge's decision. McPeek then filed suit in federal district court.
 
 
 4
 On initial review, the district court concluded that the administrative law judge erred in determining that McPeek had not established a valid verbal, performance, or full scale IQ score between 60 and 69. Instead, the district court expressly found that McPeek established valid scores within the Section 12.05(C) range on two separate IQ tests: June 1985 (performance IQ of 69) and March 1988 (verbal IQ of 67 and full scale IQ of 69). See 20 C.F.R. Pt. 404, Subpt. P, App. 1 Sec. 12.00 D (only the lowest of the verbal, performance, or full scale IQ scores is considered for the purpose of Section 12.05). Because both examining psychologists had determined that these scores were valid, the district court also found that the administrative law judge lacked the substantial evidence necessary to reject the scores.
 
 
 5
 Addressing the second component of Section 12.05(C)'s threshold requirements, the district court concluded that McPeek also suffers from "a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Sec. 12.05(C). Specifically, the district court noted that McPeek has a both a well-documented history of depression and a severe pulmonary ailment.
 
 
 6
 The district court then examined whether McPeek met the final Section 12.05 criteria: "a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Sec. 12.05 (emphasis added). Because the record failed to address whether McPeek's mental retardation was apparent prior to her twenty-second birthday, the district court remanded McPeek's action to the agency with specific instructions that the administrative law judge address this narrow issue.
 
 
 7
 On remand, the administrative law judge arranged for McPeek to take an additional intelligence test, the results of which revealed a verbal IQ of 72, a performance IQ of 80, and a full scale IQ of 75. Based upon an independent psychologist's review of McPeek's three sets of scores, the administrative law judge then concluded--despite the district court's express finding to the contrary--that McPeek did not meet Section 12.05(C)'s IQ score requirement. The administrative law judge also found that McPeek functioned in the borderline range, rather than the mental retardation range, before age twenty-two.
 
 
 8
 McPeek again appealed the administrative law judge's decision to the district court. While "deeply troubled" by the administrative law judge's reevaluation of the validity of McPeek's IQ scores, the district court concluded that the administrative law judge properly determined that McPeek functioned in the borderline range throughout her life. Accordingly, the district court granted summary judgment in favor of the Secretary. This timely appeal followed.
 
 
 9
 The only issue before this Court is whether the district court's conclusion that McPeek functioned on an intellectual level above the mental retardation range before age twenty-two is supported by substantial evidence. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Sherrill v. Secretary of Health and Human Services, 757 F.2d 803, 804 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 398, 401 (1971)). After carefully reviewing the record, we conclude that this finding cannot stand.
 
 
 10
 It is undisputed that McPeek established, as a threshold matter, a valid IQ score for the purpose of qualifying for benefits under Section 12.05(C). As the district court expressly held, McPeek's scores fall precisely within the mental retardation range. See Brown v. Secretary of Health and Human Services, 948 F.2d 268, 270 (6th Cir.1991) (claimant's full-scale IQ score of 68 indicates mental retardation under Section 12.05(C)). Despite the administrative law judge's machinations, this conclusion was not subject to reevaluation on remand.
 
 
 11
 No evidence suggests that McPeek's level of intellectual functioning has declined since she was twenty-two. In fact, the Secretary's own medical expert opined:
 
 
 12
 It would be unusual to assume that her intellectual ability would have changed much as a young adult compared to what it would have been when she was younger than 22 years. It is generally believed that an individual's mental ability or intellect remains rather similar unless one undergoes some brain or neurological trauma or due to the aging process or disease. These latter matters do not seem to usually manifest themselves until we begin to reach age 50-60 and older. The claimant is well below these years and I see nothing in the record to suggest brain damage or dysfunction.
 
 
 13
 Appendix at 395. We also note that McPeek's academic record, which is replete with failing grades, is consistent with significantly impaired intellectual performance before age twenty-two. See Appendix at 213. To require, as the district court did, that Section 12.05(C) claimants come forward with the results of an intelligence test administered during the claimant's developmental period would foreclose recovery by all who were unfortunate enough to lack early access to appropriate testing. Because McPeek established a valid IQ score within the requisite range, and the Secretary can point to no empirical evidence to suggest that McPeek's level of intellectual functioning has declined since her twenty-second birthday, we conclude that the district court's finding was not based on substantial evidence.
 
 
 14
 For the foregoing reasons, we reverse.
 
 
 15
 BATCHELDER, Circuit Judge, dissenting.
 
 
 16
 Because I believe that there is substantial evidence in the record to support the Secretary's finding that Ms. McPeek's low level of intelligence did not manifest before the age of twenty-two, I must respectfully dissent.
 
 
 17
 It is the Secretary, rather than the court, who "is charged with the duty to weigh the evidence [and] to resolve material conflicts in the testimony." Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir.1990). A medical advisor, Dr. Leroy Stone, found that based upon Mrs. McPeek's intelligence testing, educational and employment history, and grades, she had a borderline range of intelligence which apparently has been lifelong. The district court found this to be substantial evidence to support the secretary's finding that Mrs. McPeek did not meet the requirements of Sec. 12.05C. This Court has chosen to reweigh the evidence and arrive at a different conclusion than the Secretary, a course not open to us.
 
 
 18
 Therefore, I would hold that the district court be AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation