Timothy **BILKA**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,** Defendant.

No. 1:00cv635.

United States District Court, N.D. Ohio, Eastern Division.

July 3, 2002.

---

Marcia W. Margolius, Esq., Brown & Margolius, Cleveland, OH, for plaintiff.

Kathleen L. Midian, Esq., Office of the U.S. Attorney, Cleveland, OH, for defendant.

### MEMORANDUM OPINION AND ORDER

BAUGHMAN, United States Magistrate Judge.

#### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Timothy Bilka, for disability insurance benefits and supplemental security income. The parties have consented to the jurisdiction of the magistrate judge.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Bilka had borderline intellectual functioning and personality disorder but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1.[1] The ALJ made the following finding regarding Bilka's residual functional capacity:

> The claimant lacks the residual functional capacity to interact appropriately with co-workers and supervisors, to perform more than simple, repetitive tasks, and to work in more than low stress situations.[2]

The ALJ determined that Bilka's past relevant work as a die cast operator did not require the performance of work functions precluded by his impairments.[3] He, therefore, found Bilka not under a disability.[4]

In his brief on the merits, Bilka raises only one issue—whether the ALJ erred in not finding that Bilka's mental impairments met or equaled the listing in section 12.05(C).[5] Bilka attempted to assert additional issues in the fact sheet filed after the merit brief in this case.[6] At the oral argument, the Court announced that it would not consider these issues because Bilka had not briefed them, and the Commissioner had not had an opportunity to respond to them.[7]

---

1. Transcript ("Tr.") at 20.

2. *Id.*

3. *Id.* at 21.

4. *Id.*

5. ECF # 14.

6. ECF # 18.

7. ECF # 23, Transcript of the Oral Argument of June 5, 2002 ("06/05/02 Tr.") at 3–4.

The Court concludes that substantial evidence does support the ALJ's findings that Bilka's impairments did not meet or equal listing section 12.05(C) in Appendix 1. The decision of the Commissioner, therefore, must be affirmed.

## Analysis

### 1. The listing requirements

As stated above, Bilka's merits brief raised a single issue—impairments met or equaled the listing in section 12.05(C). Under section 12.05 of the listing: "Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied."[8] Section (C) provides that mental retardation sufficient to meet the listing exists if the claimant demonstrates "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."[9]

### 2. Relevant facts

Timothy Bilka was born on January 17, 1955.[10] He completed the tenth grade and was enrolled in special education classes from fourth grade through tenth grade.[11] He has past relevant work as a die cast operator for over 20 years.[12]

Bilka has extensive evidence of his IQ by way of numerous tests conducted throughout his life. In 1964 the Wechsler Adult Intelligence Scale (WAIS) revealed a verbal IQ score of 72, a performance IQ score of 78, and a full scale IQ score of 72.[13] A Stanford Binet Test conducted in 1966 revealed a full scale score of 68, which is comparable to a score of 72 on the Wechsler Adult Intelligence Scale (WAIS).[14] For purposes of the listing only WAIS test scores are acceptable.[15] WAIS test scores in 1971 include a verbal score of 71, a performance score of 79, and a full scale score of 73.[16] In 1996, the WAIS indicated a verbal score of 78, a performance score of 77, and a full scale score of 77.[17] In 1998, Bilka had a verbal score of 66, a performance score of 69, and a full scale score of 65 on the WAIS.[18]

### 3. Standard of review

The Sixth Circuit in *Buxton v. Halter* recently reemphasized the standard of review that the District Court must apply in reviewing the decision of the ALJ:

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within

---

8. 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.05(C).

9. *Id.*

10. Tr. at 96.

11. Tr. at 35.

12. Tr. at 111.

13. Tr. at 171.

14. *Id.*

15. Tr. at 56. *See Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990).

16. Tr. at 171.

17. Tr. at 144.

18. Tr. at 188.

the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

The Court will review the findings of the ALJ at issue here consistent with that standard.

### 4. Substantial evidence supports the finding that Bilka's impairments did not meet or equal the listing in section 12.05(C) of Appendix 1.

To qualify for a disability finding under listing section 12.05(C), Bilka must demonstrate an IQ between 60 and 70 during his developmental period.[20] He bases his argument on a 1998 WAIS IQ test, which produced a verbal score of 66, a performance score of 65, and a full scale score of 65. He maintains that listing 12.05(C) can be satisfied by IQ scores in the 60 to 70 range after age 22.[21] Bilka cites as support *Hodges v. Barnhart*,[22] where the Eleventh Circuit, acknowledging a lack of IQ evidence prior to age 22, held that "absent evidence of sudden trauma that can cause sudden retardation, the IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life." [23] In that case, the only WAIS IQ test administered, when claimant was 49, produced a verbal IQ score of 67.[24] The court concluded that the ALJ improperly failed to presume from such evidence that the Plaintiff manifested a mental disability prior to age 22.[25]

In *McPeek v. Secretary of Health and Human Services*,[26] the defendant's own medical expert testified that "it would be unusual to assume that her [claimant's] intellectual functioning has declined since she was 22. It is generally believed that an individual's mental ability or intellect remains rather similar unless one undergoes some brain or neurological trauma or due to the aging process or disease." [27] The court further concluded that "to require ... that claimants come forward with the results of an intelligence test administered during the claimant's developmental period would foreclose recovery by all who were unfortunate enough to lack early access to appropriate testing." [28] In that case, the claimant's only IQ tests were administered when she was older than 22.

While acknowledging those cases, this Court concludes that Bilka's situation is distinguishable. Those decisions hinge on the fact that the only available evidence of the claimants' IQ scores came from tests administered after age 22. In that situation the IQ prior to age 22 is presumed to be similar. Bilka was tested three times

---

**19.** 246 F.3d 762, 772 (6th Cir.2001) (citations omitted).

**20.** 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.05(C).

**21.** ECF # 22 at 2.

**22.** 276 F.3d 1265 (11th Cir.2001).

**23.** *Id.* at 1268.

**24.** *Id.* at 1267.

**25.** *Id.* at 1269.

**26.** 19 F.3d 19, 1994 WL 56929 (6th Cir.1994) (unreported table decision).

**27.** *Id.* 19 F.3d 19, 1994 WL 56929 at *2.

**28.** *Id.*

prior to age 22, which tests did not demonstrate the required range of scores during the developmental period. Bilka's tests prior to age 22 can not be discounted. In *Burrell v. Commissioner of Social Security*,[29] the Sixth Circuit acknowledged that an IQ test at age 26 revealed a full scale IQ score of 70. Nevertheless the court concluded that the claimant did not satisfy the regulation's standard because a report by the school psychologist indicated that, at age 14, claimant's verbal score was 91, his performance score was 93, and his full scale score was 92.[30]

Furthermore, in *McDonald v. Secretary of Health and Human Services*,[31] the Court found significant that there was no evidence of IQ testing prior to age 22 and that claimant worked as a patient technician for 24 years. The Sixth Circuit refused to accept an IQ score of 66 produced when claimant was over age 22 because of evidence of past vocational and academic achievement.[32] Here there is an even stronger case for the Court to dismiss Bilka's 1998 test results. In addition to past vocational achievement working as a die cast operator for over twenty years, there is substantial testing evidence that Bilka's IQ was outside of the 12.05(C) range prior to age 22.

At this third step of the sequential analytical process for determining disability, Bilka has the burden of proof.[33] He has failed to meet that burden. There is substantial evidence that shows that Bilka's IQ was outside the required range during the developmental period. Although a later test fell within the range, the testing

conducted prior to age 22 is determinative for purposes of the 12.05(C) listing.[34]

### Conclusion

Substantial evidence in the administrative record supports the Commissioner's finding of no disability, and, therefore, the decision of the Commissioner on the application for supplemental security income is affirmed.

IT IS SO ORDERED.

---

**29.** 238 F.3d 419, 2000 WL 1827799 (6th Cir.(2000)) (unreported table decision).

**30.** *Id.* 238 F.3d 419, 2000 WL 1827799 at *2.

**31.** 786 F.2d 1165, 1986 WL 16598 (6th Cir.(1986)) (unreported table decision).

**32.** *Id.* 786 F.2d 1165, 1986 WL 16598 at *5.

**33.** *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir.1984).

**34.** *See Burrell*, 238 F.3d 419, 2000 WL 1827799 at *2.